UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE THE APPLICATION OF )<br>)<br>RONICE LOUIS )<br>            Plaintiff/Petitioner )<br>)<br>)<br>v. )<br>)<br>MELIDA CHARLES )<br>            Defendant/Respondent )<br>) | Civil Action File No. |

**VERIFIED COMPLAINT/PETITION UNDER THE HAGUE CONVENTION**

Plaintiff and Petitioner, Ronice Louis, respectfully shows this court as follows:

### I.    INTRODUCTION

1. This action brought by Ronice Louis (hereinafter "Plaintiff", "Petitioner", "Father"), a citizen of Chile, to secure the return of his son, S.L.C, DOB: ▮▮/2019 (hereinafter "Child"), who was, without Petitioner's consent or acquiescence, wrongfully removed from Chile and now detained to Brockton, Massachusetts by the Child's mother, Defendant/Respondent, Melida Charles (hereinafter "Defendant", "Respondent", "Mother").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") *See Oct. 25, 1980, T.I.A.S. No. 11670 at 1, 22514 U.N.T.S. at 98. Reprinted in 51 Fed. Reg. 104949* and the International Child Abduction Remedies Act ("ICARA"). *See 42 U.S.C. §§11601-11610*

1

*(2011).* A copy of the Hague Convention is attached hereto as Exhibit A. The Hague Convention came into effect in the United States on July 1, 1988, and has been ratified between and among other Contracting States.

3. The Objects of the Hague Convention are:

    (1) To establish legal rights and procedures for the prompt return of children who have been wrongfully removed or retained; and (2) to provide structure to help resolve the problem of international child abduction so that the rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. *See 42 U.S.C.A § 11601 (West).*

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute between the parties. *Id.*

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 42 U.S.C. § 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. §1331 (federal question jurisdiction). Venue is proper pursuant to 42 U.S.C. § 11603 and 28 U.S.C. §1391(b) because Respondent is believed to be residing with the Child at 57 Augustine Street, Brockton, MA 02301.

6. In addition, pursuant to Article 4, the Hague Convention (attached hereto as Exhibit A) applies to the Child under the age of 16 (sixteen) years and was removed and now detained from his habitual residence of Chile to the United States of America. Both Contracting States of the Hague Convention.

### III. STATEMENT OF FACTS

7. Petitioner and Respondent are the parents of the Child. Petitioner and Respondent were married on November 30, 2017. A copy of the marriage certificate with a certified English translation is attached as Exhibit B.

8. On ▮▮▮▮, 2019, Respondent gave birth to their Child, S.L.C. in San Antonio, Chile. A copy of the birth certificate with a certified English translation is attached as Exhibit C.

9. Petitioner and Respondent ended their relationship, and in February 2023, Respondent filed an abuse order against Petitioner.

10. In May 2023, the Colina Family Court issued an order forbidding Respondent from leaving the country with the Child. A copy of this order with a certified English translation is attached as Exhibit D.

11. Respondent ceased contact with Petitioner in October of 2023.

12. Petitioner believes that Respondent wrongfully took their Child out of Chile around December 28, 2023.

13. On January 1, 2024, Petitioner filed a report with Investigative Police of Chile. A copy of the report with a certified English translation is attached as Exhibit E.

14. On February 19, 2024, a complaint with the Deputy Prosecutor at the Chacabuco Local Prosecutor's Office was opened up. A copy of this request and complaint with a certified English translation is attached as Exhibit F.

15. On June 11, 2024, Petitioner, with the help of the Chief Lawyer of the International Office Corporation for Judicial Assistance Javiera Verdugo Toro, sent a request for restitution under Hague Convention to the General Director for the Protection of Mexicans Abroad

Family Law Department. A copy of the request with a certified English translation is attached as Exhibit G.

16. Petitioner never authorized the removal of Child. He has not seen him since November of 2023. It is presumed that he has been wrongfully removed by Respondent and wrongfully detained in Massachusetts. Respondent is refusing to return the child.

17. On August 13, 2024, Petitioner filed a formal request under the Hague Convention. A copy of this formal request from the Department of State is attached as Exhibit H.

18. Petitioner has not seen or spoken to his Child since November 2023. He was unaware of the whereabouts of Child until recently. It is presumed the Child is residing with Respondent at 57 Augustine Street, Brockton, MA 02301. This address was attained by the Department of State.

## IV. WRONGFUL REMOVAL AND RETENTION OF THE CHILD BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

19. As set forth above, Respondent wrongfully removed the Child on or about December 28, 2023, within the meaning of Article 3 of the of the Convention (see Exhibit A) and continues to wrongfully retain the Child in the Commonwealth of Massachusetts, United States, in violation of Article 3, despite Petitioner's efforts to have the Child returned to Chile.

20. Petitioner never acquiesced or consented to the removal of Child from Chile to the United States. In fact, Respondent was ordered by the family court not to leave Chile with the Child but did so anyway.

21. Respondent's removal and retention of Child is wrongful within the meaning of Article 3 of the Hague Convention because:

    a. Removal and retention of the Child is in violation of Petitioner's rights of custody and visitation as there was no court order or judgement limitation for denying Petitioner access to or visitation with the Parties' child.

    b. Petitioner exercised his rights of custody and visitation, as mentioned previously prior to the wrongful removal of Child, Petitioner used to see and speak with Child on a regular basis.

    c. The Child was a habitual resident to Chile within meaning of Article 3 of the Hague Convention immediately before his removal and retention by the Respondent. The Child has resided in Chile for their entire lives. Child was to be enrolled in an educational language school in Chile before his wrongful removal. A copy of this letter about enrollment with certified English translation is attached as Exhibit I.

22. The Hague Convention applies to those children under the age of 16 (sixteen) years who habitually residing in a Contracting State and were wrongfully removed to another Contracting State.

23. This petition is filed after one year from Respondent's wrongful removal of Child. Petitioner began this process a few months after Respondent wrongfully removed Child when he began searched and contacting Mexican officials, then by filing a formal request under the Hague Convention, attached as Exhibit H.

### V.    PROVISIONAL REMEDIES

24. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the Commonwealth of Massachusetts and orders the surrender of Child's passport.

25. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petitioner to prevent further harm.

## VI. FEES AND COSTS

26. Petitioner respectfully request that this Court award him all costs and fees, including transportation costs, incurred to date as required by 42 U.S.C. § 1160.

## VII. NOTICE OF HEARING

27. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the law governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner Ronice Louis prays for the following relief:

a. An immediate temporary restraining order prohibiting the removal of the Child from the Commonwealth of Massachusetts pending a hearing on the merits of this Verified Complaint; and that no person shall take any action to remove the Child from the Commonwealth of Massachusetts pending a determination on the merits of this Verified Complaint;

b. An immediate order requiring that the Child's passport be surrendered to the Court;

c. An order scheduling an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that the Respondent show cause at this hearing why the Child should not be returned to Chile, and why such relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rules of Civil Procedure 65;

d. An order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

e. A final judgement in Petitioner's favor establishing that the Child shall be returned to Chile; and

f. An order awarding the Petitioner fees and costs including transportation costs;

g. For any such further relief as this Court deems just and fair under the circumstances of this case.

Respectfully submitted,

Date: March 21, 2025

/s/ Elizabeth B. Anderson
Elizabeth B. Anderson, Esq. BBO#706920
Nova Law Group
83 Walnut St.
Wellesley, MA 02481
(844) 844 6682
eanderson@nova.law

## VERIFICATION

I am the attorney for the Plaintiff/Petitioner, Ronice Louis. I make this verification on behalf of the Petitioner because the Petitioner is absent from this country. The above document is true based on the above-identified attorney's investigation to date and communication between Nova Law Group and Ronice Louis, except to the matters that are stated in it on information and belief and as to those matters I believe to be true. I declare under the penalty of perjury under the law of the Commonwealth of Massachusetts that the foregoing is true and correct.

Dated:  March 21, 2025              /s/ Elizabeth B. Anderson
                                    Elizabeth B. Anderson, Esq.

8